## R. O. Mueller, Appellee, v. Henry Knollenberg, Appellant.

EVIDENCE—*what incompetent in action for alienation of affections.* Efforts at reconciliation predicated upon conversations between husband and wife, are incompetent in an action for alienation of affections.

Appeal from the Circuit Court of Madison county; the Hon. W. E. HADLEY, Judge, presiding. Heard in this court 'at the October term, 1910. Reversed and remanded. Opinion filed April 15, 1911.

EARLY & WILLIAMSON, for appellant.

B. J. O'NEILL and WILLIAM P. BOYNTON, for appellee.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

This is an appeal from a judgment recovered against appellant for the sum of $2,000 damages. The appellant being a non-resident, the suit was begun by an attachment in aid.

The declaration contained two counts; the first charging appellant with alienating the affections of appellee's wife; the second charging that he debauched her and alienated and destroyed her affections for appellee.

Errors are assigned and urged upon the rulings of the court upon the admissibility of evidence; upon the giving and refusing instructions; and upon the refusal of the court to award a new trial.

There was no testimony offered on behalf of appellant.

It appeared from the evidence introduced on the part of appellee that appellee and his wife were married in 1896, and that they resided in Upper Alton until 1908. Appellee for two years prior to that time was engaged in manufacturing a floor oil at his home and his wife went out and sold it; she then engaged in organizing lodges of a benefit society in which business

she did considerable traveling. Appellant who was a widower was employed as a salesman for an oil company at St. Louis and frequently called upon appellee at Alton to sell him oils, and became acquainted with his family which consisted of his wife and three young children.

Appellee came into possession of some letters written by appellant to his wife, found in a trunk which had been in her possession. Two of the letters were introduced in evidence. In these two letters appellant warmly protests his affection for the wife and one of the children, expresses a hope of marriage and removal to Colorado and paints a rosy picture of future happiness in a home to be established there. It does not very clearly appear from the letters or from other testimony whether the fervid declarations of affection contained in the letters touched a responsive chord. The letters themselves appear to be a mixture of avowals of affection and promises to make her happy, and appeals to her to reciprocate, begging her to "drop him a few lines if the proposal meets her approval." According to one of the letters he enclosed a draft for fifty dollars with a request to "use it as she saw fit."

There was testimony tending to prove improper relations at the home of appellee during his absence and meetings at places where the wife would be stopping in her travels organizing lodges, but after reviewing all the evidence it leaves the case in some doubt whether her friendly relations with appellant were prompted on her part by affection for him or by a mercenary desire to profit by his gifts, and also whether by the persuasion and procurement of appellant her affections were lost to appellee. In this state of the evidence which was all circumstantial, the rulings of the court on material questions should have been accurate.

Appellee was permitted to testify over objection that he had seen his wife frequently at different places and tried every way to reconcile her and get her to return to him. This evidence tended to prove the material

averments in the declaration that her affections were alienated from him.

The husband or wife is not permitted to testify to admissions or conversations with the other whether made by him to her or by her to him or by either to third persons except in suits or causes between such husband and wife. Hurd's Stat., 1906, sec. 5. chap. 51.

While no words of conversation were detailed by appellee, his efforts at reconciliation when he saw her and her refusal could only be the result of conversations between them and the jury could not have regarded it otherwise. The testimony in effect was that appellee had begged his wife to return to him and she had refused.

The testimony was incompetent and in view of the character of the evidence upon a material point it was harmful. Especially so since it appeared appellee's wife before the commencement of this suit had procured a decree of divorce on charges of extreme and repeated cruelty, and the damages to be recovered were largely punitive.

Several instructions asked by appellant and refused by the court should have been given. This was true of the second refused instruction which stated a correct rule upon the preponderance of the evidence. Also of the third and fourth directing the jury to consider the instructions as the law applicable to the case. Also the sixth advising them against prejudice and sympathy. Also the fourteenth upon the credibility of witnesses. These instructions all state correct principles and we are of opinion that in the state of the evidence in this case they should have been given. After examining the other refused instructions we think there was no error in refusing them.

In view of the nature of the evidence in this case and the amount of damages, we are of opinion the errors indicated were prejudicial and the court should have granted the motion for a new trial. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*